UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| OVERDRIVE LOGISTICS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SUNLAND DISTRIBUTION OF ) <br> FLORIDA, INC. ) <br> ) <br> Defendant. ) | Civil Action No.____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Sunland Distribution of Florida, Inc. ("Defendant") removes this action from the State Court of Hall County Georgia, Case No. 2025SV000097, to the United States District Court Northern District of Georgia, Gainesville Division. Removal is proper under the foregoing statutes and as the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendant states as follows:

**A.   Procedural Status of the Case.**

1.   On January 22, 2025, Overdrive Logistics, Inc., ("Plaintiff") commenced a lawsuit in the State Court of Hall County, Georgia, captioned *Overdrive Logistics, Inc. v. Sunland Distribution of Florida, Inc.*, Case No. 2025SV000097 (the "State Court Case"). Copies of all pleadings and other documents that were previously filed in the State Court Case are attached hereto as

1

**Exhibit A** as required by 28 U.S.C. § 1446(a).

2. Plaintiff alleges that Defendant, as the carrier, failed to maintain the required temperature conditions for a shipment of egg yolks during transit, resulting in rejection of the shipment by the consignee (Publix Super Markets, Inc.).

3. Plaintiff further alleges that Defendant is liable for the resulting financial losses and has denied indemnifying Plaintiff.

4. Defendant has properly invoked this Court's jurisdiction pursuant to both federal-question jurisdiction and diversity jurisdiction. The underlying State Court action raises a federal question under the Carmack Amendment, thereby conferring jurisdiction under 28 U.S.C. § 1331. Additionally, the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, satisfying the requirements for diversity jurisdiction under 28 U.S.C. § 1332.

**B.   Federal-Question Jurisdiction Arises from Plaintiff's Carmack Amendment Claim.**

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Federal-question jurisdiction is properly invoked when a plaintiff's claim is founded on federal law.

6. Here, Plaintiff's Complaint asserts a claim under the Carmack Amendment, a federal statute codified at 49 U.S.C. § 14706, which governs the

liability of carriers for loss or damage to goods during interstate shipments. *See* Complaint, ¶ 28. The Carmack Amendment provides the exclusive federal cause of action for claims involving the interstate transportation of goods, thereby establishing a question of federal law at the heart of this dispute.

7. Accordingly, this Court has federal-question jurisdiction over Plaintiff's Complaint. *See Syfan Logistics, Inc. v. DTL Transportation, Inc.*, No. 2:20-CV-0080-SCJ, 2021 WL 9699490, at *3 (N.D. Ga. Dec. 7, 2021) (recognizing that the Carmack Amendment creates a federal cause of action for claims arising from the interstate shipment of goods).

8. Thus, because Plaintiff's claims arise directly under a federal statute, removal to this Court is proper under 28 U.S.C. § 1331.

### C. Plaintiff's Claims Also Establish Grounds for Diversity Jurisdiction.

9. Furthermore, a federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1).

#### *i. The amount in controversy exceeds $75,000.*

10. Removal is proper only if the amount in controversy exceeds $75,000. *D & R Party, LLC v. Party Land, Inc.*, 406 F. Supp. 2d 1382, 1384 (N.D. Ga. 2005).

11. The amount in controversy is dependent on the facts available at the

time of the removal. *Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016).

12. Here, Plaintiff explicitly alleges that "[Defendant] remains liable to [Plaintiff] for the total amount of $75,250.00 plus freight charges of $2,805.93…." *See* Complaint, ¶ 23.

13. Although Plaintiff claims a setoff of $6,827, this setoff has not been applied, and Plaintiff unequivocally asserts that Defendant remains liable for the full amount. As such, the total amount in controversy is $78,055.93, which exceeds the statutory threshold for removal under 28 U.S.C. § 1332. *See LaFoy v. Fed. Ins. Co.*, No. 1:16-CV-1169-CC, 2016 WL 10567789, at *2 (N.D. Ga. Sept. 23, 2016) (citing *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000) (noting that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction")).

14. Even assuming, arguendo, that the Court finds the setoff applies and Defendant owes $71,228.93 under the contract, the amount in controversy still satisfies the jurisdictional threshold because Plaintiff also seeks to recover attorneys' fees. *See* Complaint ¶ 33(b).

15. Attorneys' fees are included in the amount in controversy when they are recoverable by law or contract. *See Cohen v. Off. Depot, Inc.*, 204 F.3d 1069,

1079 (11th Cir. 2000) ("[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees.").

16. Here, Plaintiff explicitly seeks attorneys' fees pursuant to the parties' contract, making those fees properly includable in the jurisdictional amount. *See Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988) ("Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy.").

17. Given the nature and scope of the claims asserted, it is reasonable to conclude that Plaintiff's attorneys' fees would exceed $4,000. When those fees are included alongside the underlying amount Plaintiff alleges is owed, the total amount in controversy undeniably surpasses the statutory threshold.

> ## ii.  *Plaintiff and Defendant are citizens of different States.*

18. To establish diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship between all plaintiffs and all defendants. This requires that no plaintiff shares citizenship with any defendant. *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1379 (N.D. Ga. 2014).

19. For diversity purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 8 U.S.C. § 1332(c).

20. Here, Plaintiff is explicitly identified in the Complaint as a corporation incorporated under the laws of Georgia, with its principal place of business in Hall County, Georgia. Complaint, ¶ 1. Therefore, Plaintiff is a citizen of Georgia.

21. Defendant, on the other hand, is a Florida corporation with its principal place of business in Florida, as stated in the Complaint. Complaint, ¶ 2. Accordingly, Defendant is a citizen of Florida.

22. Based on the foregoing, diversity jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

**D.   The Notice of Removal is Timely.**

23. A notice of removal must be filed within 30 days of the defendant receiving the initial pleading or summons, whichever comes first. 28 U.S.C.A. § 1446 (b).

24. This notice of removal is timely because the Defendant was served on March 17, 2025, making the deadline for removal April 16, 2025.

**E.   All Remaining Prerequisites for Removal Have Been Met.**

25. The State Court Case is pending within this district and division. Therefore, removal to this Court is proper. 28 U.S.C. § 1446(a).

26. Written notice of the filing of this Notice of Removal will be given to all parties and a copy of the same will be filed with the Clerk of the State Court of Hall County Georgia, as required by 28 U.S.C. § 1446(d). **Exhibit B**.

27. Defendant disputes Plaintiff's allegations and denies that Plaintiff is entitled to judgment against it. Defendant voluntarily appears in this action for purposes of removal, but reserves all objections, arguments, and defenses to Plaintiff's complaint. A timely responsive pleading or motion will be filed in accordance with Fed. R. Civ. P. 81.

WHEREFORE, Defendant Sunland Distribution of Florida, Inc., respectfully removes the State Court Case to the United States District Court for the Northern District of Georgia, Gainesville Division.

Dated: April 15, 2025

Respectfully submitted,

By: */s/ Melissa M. Kirby*
Melissa M. Kirby
Georgia Bar No. 508999
*Attorneys for Defendant Sunland Distribution of Florida, Inc.*

HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.757-5918
Facsimile: 423.266-5499
Melissa.Kirby@huschblackwell.com
*Attorneys for Defendant Sunland Distribution of Florida*

HB: 4896-8146-7441.2

## CERTIFICATE OF SERVICE

I hereby certify that, on April 15, 2025, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to the following:

Jeremy R. Handschuh, Esq.
Georgia Bar No. 418099
MITCHELL-HANDSCHUH LAW GROUP
3390 Peachtree Road, NE Suite 520
Atlanta, GA 30326
Email: jeremy@m-hlawgroup.com
*Attorneys for Plaintiff*


/s/ *Erin Brong*

HB: 4896-8146-7441.2